■ JOSEPH G. RAMSAY, III, Respondent, v MARIA P. RAMSAY, Appellant. —Appeal by defendant from a judgment of divorce of the Supreme Court, Rockland County, entered November 18, 1975. Judgment affirmed, without costs or disbursements. This record amply demonstrates that defendant and her former attorneys were dilatory, if not obstructive, in defending the action. Every Justice involved in this matter at the trial level has so noted; extreme leniency was afforded by them to the defendant. In light of the age of the parties and the defendant's litigious nature, it was not an abuse of discretion to refuse to grant another adjournment in this prolonged and costly litigation. Nor was it improper for the Trial Justice to refuse to disqualify himself when confronted with an application therefor on the date of trial. The record supports the findings; the judgment should be affirmed. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.

■ CAROLYN L. RESSLER, as Administratrix of the Estate of JOHN P. RESSLER, JR., Deceased, Plaintiff, v DONALD M. LAVARNWAY et al., Defendants. (Action No. 1.) CHARLENE P. FLORYAN, Appellant, v DONALD M. LAVARNWAY, Respondent. (Action No. 2.) DONALD M. LAVARNWAY, Appellant, v CHARLENE P. FLORYAN, Respondent. (Action No. 3.)—In consolidated negligence actions, the plaintiffs in Actions No. 2 and 3 appeal from (1) separate judgments of the Supreme Court, Dutchess County, dated October 31, 1974 and November 13, 1974, respectively, and made after a jury trial, in favor of the defendant in each such action, and (2) an order of the same court, dated December 11, 1974, which denied their respective motions to set aside the jury verdict. Judgments and order affirmed, without costs or disbursements. The record does not indicate any inadequacy in the charge (and there had been no objection made on that ground at the trial); nor does the record show that the jury was confused at the time it was ready to render its verdict. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.